IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MALACHI SAMUEL MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-30 |
| KIMBERLY STRIBLIN | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Malachi Samuel Martinez, an inmate confined at the Hughes Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Kimberly Striblin.

The Court referred this matter to the Honorable Zack Hawthorn United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends plaintiff's official capacity claim, claim for loss of property without due process of law and claim for violation of TDCJ policy be dismissed for failure to state a claim and as frivolous; the Magistrate Judge recommends plaintiff's claim of retaliation should proceed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry nos. 13, 16 & 17). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

As outlined by the Magistrate Judge, Texas law allows for the recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (In Texas, the tort of conversion fulfills the requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995) (conversion is the unauthorized and unlawful assumption

and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Plaintiff has not shown that he has taken advantage of this post-deprivation remedy nor shown that this available remedy is inadequate. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Simmons v. Poppell*, 837 F.2d 1243 (5th Cir. 1998); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Similarly, the alleged failure of TDCJ officials to follow their own regulations and procedures is not sufficient to state a civil rights claim, if constitutional minima are nevertheless met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154 (5th Cir. 1986). Constitutional due process is satisfied because the Texas tort of conversion provides plaintiff with an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

**So Ordered and Signed**
**Nov 17, 2018**

_____
Ron Clark, Senior District Judge